# CONFIDENTIAL SETTLEMENT AND RELEASE OF CLAIMS

This Confidential Settlement and Release of Claims ("Release") is between Terry Brown ("Brown") and Gentiva Health Services, Inc. including its past, present, and future parent companies, affiliates, divisions, partners, affiliated organizations, subsidiaries and predecessors and successors in interest, including but not limited to Kindred Healthcare, Inc.; and its and their respective past, present, and future officers, directors, shareholders, employees, agents, principals, heirs, assigns, representatives, accountants, auditors, consultants, attorneys, fiduciaries, both individual and in their official capacities, employee benefits plans, and insurers (collectively "Defendant"). This Release, in conjunction with the Stipulation and Settlement Agreement[1] and all exhibits thereto, sets forth the terms and conditions of a settlement of the Litigation, and any claims Brown may have against Defendant.

## BACKGROUND OF THE LAWSUIT

A.  Currently pending in the United States District Court for the Northern District of Georgia is a wage and hour lawsuit captioned <u>Terry Brown v. Gentiva Health Services, Inc.</u>, 1:15-cv-01194-WBH; <u>In re Gentiva Health Services, Inc.</u>, FLSA Cases, Case No. 1:15-MI-55555-WBH (the "Lawsuit").[2]  Brown claims that Defendant violated the federal Fair Labor Standards Act ("FLSA") by failing to pay her/him for all time worked.

B.  Defendant expressly denies any and all charges of wrongdoing or liability alleged in the Litigation.  Brown and Defendant (collectively the "Parties") have entered into this Release solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation.  Neither the fact of this Release nor any of its parts shall be construed as an admission of wrongdoing, liability, or that any fact or allegation asserted by Brown was true.

C.  Although neither Defendant nor Brown abandons its position taken in the Litigation, the Parties believe that continued litigation would be protracted, expensive, uncertain and contrary to their best interests.  The Parties believe that this settlement is in the best interests of all Parties, and the best way to resolve the disputes between them in the Lawsuit.

## TERMS OF SETTLEMENT AND RELEASE

1.  **Settlement Payment:**

Without admitting liability of any kind, and in full and final settlement of all claims and damages alleged by Brown (and her/his past, present, or future agents, heirs, assigns, representatives, and their respective successors and predecessors in interests), as well as any claims for additional compensation; benefits; legal or equitable relief; liquidated damages; and interest to which Brown may be entitled, whether claimed in the Litigation or not, Defendant agrees (a) to pay Brown the gross sum of Fourteen Thousand Six Hundred Fifty Five Dollars and Ninety Three Cents ($14,655.93), less applicable deductions and withholdings for federal and state taxes; and (b) to pay attorneys' fees and costs to Plaintiffs' Attorneys for Brown in the

---

[1] Unless otherwise defined, terms used herein have the meanings specified in the Stipulation and Settlement Agreement.

[2] The Lawsuit together with *In re Gentiva Health Services, Inc.*, FLSA Cases., No. 1:15-mi-55555-WBH, *Rindfleisch v. Gentiva Health Services, Inc.*, Case No. 1:10-cv-03288, and *Rindfleisch v. Gentiva Health Services, Inc.*, Case Nos. 16-11289-FF and 16-11289-W are referred to as the "Litigation."

sum of eighteen thousand, ninety-three dollars and twenty-two cents ($18,093.22).[3] Defendant's payment of this settlement amount is contingent upon: (a) Brown executing this Release without amendment or modification and timely returning the same on or before 75 calendar days after Brown's counsel postmarks the Release; (b) Brown fully completing and timely returning a Substitute W-9 Form on or before 75 calendar days after Brown's counsel postmarks the Substitute W-9 Form; (c) the Court approving this Release and the Parties' January 13, 2017 Stipulation and Settlement Agreement and dismissing with prejudice the Litigation; and (d) the satisfaction of other conditions as set forth in the Stipulation and Settlement Agreement.  In return for such payment and agreements by Defendant, Brown releases, settles and waives any and all claims under the FLSA or other wage and hour statutes, and claims for attorneys' fees and costs statutorily available under the FLSA against Defendant and agrees to comply with the covenants and promises described below.  While the issued check will be valid for 180 days, should Brown fail to negotiate the check issued pursuant to the Stipulation and Settlement Agreement within that time period, the check will be void, and the unclaimed funds will revert to and remain the exclusive property of Defendant, unless otherwise required by the relevant states' escheatment laws to escheat to the state.

2. **Release of Claims:**

Brown, as a free and voluntary act, agrees to accept the above payments and agreements by Defendant in full and complete waiver, release and satisfaction of any and all wage and hour claims against Defendant, whether known or unknown, that Brown may have, or have had, arising up to Effective Date.[4]  Effective as of the Effective Date, Brown agrees to hereby forever completely settle, compromise, release, and discharge Defendant from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Brown has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events or omissions alleged in the Litigation or by reason of the negotiations leading to this Release and

---

[3] Any Settlement Payment to Brown will be separated into two equal amounts:  50 percent shall be allocated to the claims asserted in the Litigation for allegedly unpaid overtime and other claims for unpaid wages; and 50 percent shall be allocated to the claims asserted in the Litigation for liquidated damages and other relief.  The portion of the Settlement Payment allocated to claims of unpaid overtime and other wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens.  The portion of the Settlement Payment allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient.  Defendant will report as income to Brown on an IRS Form 1099, Brown's pro rata portion for payment of Brown's attorneys' fees, expenses and costs.

[4] "Effective Date" means the first date after all of the following events and conditions have been met or occurred:  (i) the Court indicates that the Settlement Agreement has informal "pre-approval;" (ii) the Response Date has passed; (iii) the Court entered an Order Granting Approval; (iv) the Court enters an order or orders dismissing with prejudice each Authorized Claimant's Individual Lawsuit; (v) the deadline has passed without action for counsel for the Parties to terminate the Settlement Agreement; (vi) the Parties dismiss with prejudice the *Rindfleisch* Appeal; (vii) Defendant withdraws its bill of costs pending at docket number 791 in the *Rindfleisch* Action; and (viii) Plaintiffs' Counsel moves to withdraw from their further representation of any Plaintiffs who do not dismiss with prejudice their Individual Lawsuit or *Rindfleisch* Appeal against Defendant and Plaintiffs' Counsel moves to withdraw from their further representation of any Plaintiffs who do not become Authorized Claimants.

the Stipulation and Settlement Agreement, even if presently unknown and/or unasserted, that occurred at any time up to and including the Effective Date.  The claims released by Brown specifically include without limitation:  (i) any and all claims asserted at any time in the Litigation; (ii) any and all claims for unpaid wages, minimum wages, overtime, late payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the federal FLSA, 29 U.S.C. § 201, et seq.; (iii) any and all claims under state and federal law for earned wages, overtime, and/or missed or interrupted meal breaks, including such claims for breach of express contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (iv) any and all claims pursuant to or derived from Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., to the extent such ERISA claims are premised on an alleged failure to credit Brown's account and/or benefits for all hours worked or all compensation paid or entitled to be paid, but excluding any potential ERISA claim that is not based on an alleged wage and hour violation; and (v) any and all wage-and-hour laws or wage-related claims of any kind under other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations whether stated in the Litigation or not.  Nothing in this Release shall release any claims under state workers' compensation laws.

Brown agrees that s/he has had a full and fair opportunity to consult with counsel of her/his own choosing concerning this waiver and release, and that s/he agrees to this waiver and release knowingly and voluntarily, without any coercion from anyone.

3. **Payment Contingent Upon Court Approval and Dismissal of Lawsuit:**

Brown agrees this Release and the Stipulation and Settlement Agreement are contingent upon Brown's timely execution of required documents, Court approval, the Court dismissing with prejudice the Litigation, and the satisfaction of other conditions as set forth in the Stipulation and Settlement Agreement.  Brown further agrees that if the Court approves this Release and the Parties' Stipulation and Settlement Agreement, the Court will enter an order dismissing Brown's Lawsuit with prejudice. Defendant's obligation to pay a Settlement Payment does not accrue until after the Effective Date, and the Parties agree that the Court retains jurisdiction to enforce this Release and the Stipulation and Settlement Agreement, and that if the settlement payment is not made, that Plaintiffs may re-open the case and obtain relief from the Court.

4. **Confidentiality:**

Brown and Plaintiffs' Attorneys, Defendant and its attorneys agree to keep and maintain all information concerning settlement discussions, the settlement of the Litigation, the details and terms and conditions of this Release and the Stipulation and Settlement Agreement, payments made under this Release and/or the Stipulation and Settlement Agreement, and any of the events and negotiations surrounding the settlement in any way (collectively referred to "Settlement Information") strictly confidential until after the Effective Date.  After the Effective Date, Brown agrees that, except for disclosing the terms of the Stipulation and Settlement Agreement or the Release to immediate family, attorneys, tax counselors, or as required by law, Brown will not disclose the terms of Stipulation and Settlement Agreement or the Release, and if asked about the settlement, Stipulation and Settlement Agreement or the Release, will

acknowledge only that: "The Litigation was resolved on a satisfactory basis" and/or that "Plaintiffs and their counsel believe they have reached a fair and reasonable settlement of the disputed claims." Notwithstanding the foregoing, nothing in this Section shall prohibit the parties from disclosing Settlement Information to the courts or prohibit Defendant from disclosing Settlement Information to the company's auditors, accountants, and disclosed in public filings as is necessary under law or in the ordinary course of the Company's business.

5.   **Affirmations, Agreements, and Representations by Brown**

(a)   Brown agrees that the settlement payment s/he is accepting by signing this Release has value to her/him; that s/he would not be entitled to this payment without successful resolution of her/his claims in the Litigation or by signing this Release; that s/he will receive this payment in exchange for the benefit to Defendant from her/his signing this Release; and that when Defendant pays Brown the Settlement Payment, Defendant will withhold all applicable federal, state and local taxes or other authorized or required deductions.

(b)   As of the Effective Date, Brown represents, covenants and warrants that s/he has not directly or indirectly assigned, transferred or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged. Brown agrees that this Release also binds all persons who might assert a legal right or claim on her/his behalf, such as her/his heirs, trustees, executors, successors, legal administrators, personal representatives and assigns, now and in the future.

(c)   As of the Effective Date, Plaintiff agrees he/she will be bound by the terms and conditions of the Stipulation and Settlement Agreement and the Release, the order(s) by the Court granting approval to the Stipulation and Settlement Agreement and this settlement and the Release, the final judgments in the Litigation and the Lawsuit, and the releases set forth in the Stipulation and Settlement Agreement and the Release.

(d)   As of the Effective Date, Brown further covenants and agrees that since Brown is settling disputed claims, Brown will not accept, recover, or receive any back pay, liquidated damages, other damages, or any other form of relief based on any claims asserted or settled in this Litigation, which may arise out of, or in connection with any other individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Defendant.  S/he further acknowledges that s/he is enjoined from pursuing any claim settled, compromised, released, and/or discharged as part of this Release and the Stipulation and Settlement Agreement and will not file, cause to be filed, or affirmatively join or opt in, as a class member, beneficiary or other participant in any lawsuit with respect to the subject matter of this Litigation or any other claim released under this Release and, if involuntarily joined in any lawsuit against Defendant with respect to the subject matter of the Litigation or any other claim released under the Release of Claims (for example, as an opt-out putative class member), Brown agrees to waive her/his right to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on her/his own behalf.   Notwithstanding the foregoing, nothing in this Release prevents or limits Brown from filing a charge or participating in an investigative proceeding of the Equal Employment Opportunity Commission or other governmental agency.

6.   **Integration Clause, Modification, and Construction and Interpretation:**

(a) This Release, together with the Parties' January 13, 2017 Stipulation and Settlement Agreement, constitute the entire agreement between Brown and Defendant and fully supersedes any and all prior agreements or understandings, written or oral, between Brown and Defendant pertaining to the subject of this Release and/or Litigation, including, but not limited to, any and all written and oral agreements reached between the Parties during the mediation that resulted in the Stipulation and Settlement Agreement and this Release. This integration clause does not apply to any obligations or requirements imposed on the parties pursuant to any protective order applicable to this Litigation, including, but not limited to the Stipulated Protective Order and Fed. R. Evid. 502(d) and (e) Clawback Agreement/Order, does not apply to the Release of Plaintiffs' Attorney's Fees and Expenses, does not apply to any mediation agreements applicable to this Litigation, and does not apply to any Confidentiality, Non-Solicitation and/or Non-Compete Agreement that an Authorized Claimant may have entered into with Defendant. If Brown has signed a Confidentiality, Non-Solicitation and/or Non-Compete Agreement, Brown agrees that s/he also remains bound by the terms of that agreement. Brown acknowledges that s/he has not relied on any representations, promises, or agreements of any kind made to her/him in connection with her/his decision to execute this Release, except for those set forth in this Release and/or the Stipulation and Settlement Agreement. This Release may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Release;

(b) The Release may not be altered, amended, waived, changed or modified except by an express written instrument signed by an authorized representative of Defendant and an authorized representative of Brown or his/her successor-in-interest;

(c) The Parties agree that the terms and conditions of the Release and the Stipulation and Settlement Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, through counsel, and that the Release the Stipulation and Settlement Agreement shall not be interpreted or construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of the Release and the Stipulation and Settlement Agreement. Paragraph and section titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this Release or the Stipulation and Settlement Agreement; and

(d) This Release shall be governed by federal law and by the internal laws of the State of Georgia, irrespective of the choice of law rules of any jurisdiction.

7. **No Admission of Wrongdoing**: Brown agrees that neither this Release nor the Stipulation and Settlement Agreement constitutes an admission of liability or wrongdoing by Defendant; that it does not constitute any factual or legal precedent or finding whatsoever; and that it may not be used as evidence in the Litigation or any other proceeding of any kind for any purpose whatsoever, except in an action alleging breach of this Release or to enforce the provisions of this Release. Defendant denies that it has failed to comply with the law in any respect, or has any liability under the claims asserted in the Litigation.

8. **Non-Disparagement:** Brown agrees that s/he will not provide information, issue statements, or take any action, directly or indirectly, that would cause Defendant embarrassment or humiliation or otherwise cause or contribute to Defendant being held in disrepute and will refrain from disparagement of Defendant. Defendant's corporate legal

personnel, corporate human resources, and corporate officers and directors agree that they will not provide information, issue statements, or take any action, directly or indirectly, that would cause Brown embarrassment or humiliation or otherwise cause or contribute to Brown being held in disrepute and will refrain from disparagement of Brown.

9. **Non-Solicitation:** Brown will not contact, solicit, or otherwise encourage other current or former employees of Defendant to assert claims against Defendant.

## Agreed and Acknowledged

Your signature below acknowledges that you have read this document fully, that you understand and agree to its contents, that you understand that it is a legally binding document, and that you have been advised to consult a lawyer of your choosing before you sign this Release and have had the opportunity to do so. By signing below, you further acknowledge your waiver of all rights to claim that any or all of the legal theories or assumptions used for settlement purposes are for any reason inaccurate or inappropriate, or that your consent to this Release was the result of a unilateral mistake in law or fact.

Signed: _____

Print name: _Terry C Brown_

Street Address: _8716 N FIVE FORKS Rd._

City, State and Zip Code: _Amelia Court House, VA_

Social Security Number: _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_

Date: _1/20/2017_

Defendant acknowledges that Defendant has read this Confidential Settlement and Release, fully understands it, and is voluntarily entering into it:

_____
Deidra L. Byrd
Senior Vice President and Chief Employment Counsel
For Kindred Healthcare

AS TO FORM:

Christine E. Webber
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
cwebber@cohenmilstein.com

Gilda A. Hernandez (NCSB No. 36812)
THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

Angelo Spinola
LITTLER MENDELSON
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA 30326.4803
Tel: (404) 233-0330
Fax: (404) 233-2361
aspinola@littler.com